UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LISIA BARNES,**

    **Plaintiff,**

v.                                          Case No.  8:10-cv-2434-T-30MAP

**ALLSTATE INSURANCE COMPANY,**
a foreign corporation,

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 13), Plaintiff's Motion to Amend Complaint (Dkt. 10), and Defendant Allstate Insurance Company's Motion to Dismiss Plaintiff's Complaint for Bad Faith (Dkt. 7).  The Court, having reviewed the motions, responses, and being otherwise advised in the premises, concludes that Plaintiff's motion to remand should be denied and Plaintiff's motion to amend complaint should be granted, which moots Defendant's motion to dismiss.

## BACKGROUND

This bad faith case relates to an underlying action for first-party contractual insurance benefits arising out of damages sustained by Plaintiff during a May 2, 2005 automobile accident.  Plaintiff commenced an action in the Circuit Court of the Twelfth Judicial Circuit of the State of Florida, in and for Sarasota County (the "State Court Action), against Charles K. Owen (Owen), the driver of the vehicle that hit Plaintiff, and Western American Auctions,

the "legal owner" of the vehicle.  On or about February 1, 2006, Plaintiff amended her complaint in the State Court Action to pursue a claim for UM benefits against Defendant Allstate Insurance Company ("Allstate") under her insurance policy.

On January 22, 2009, Plaintiff moved to amend her complaint to add a claim for bad faith insurance practices against Allstate.  Following a hearing on Plaintiff's motion to amend, the court in the State Court Action entered an order permitting Plaintiff to add a bad faith claim against Allstate.  The order stated that "[b]y stipulation of the parties, Count IV (Bad Faith of Allstate) shall be abated until the conclusion of the remaining claims in this matter" and that Allstate "shall be required to file an Answer to the claims contained within Count IV within twenty (20) days following conclusion of the remaining claims in this matter."  (Dkt. 1-1).

On or about February 6, 2009, Plaintiff filed an amended complaint containing the bad faith claim against Allstate.  Subsequently, after a jury trial, a verdict was entered in Plaintiff's favor in the amount of $1,978,156.57 for negligence against Owen and Richard V. Stanton.[1]  A partial final judgment for Plaintiff's UM coverage claim was entered against Allstate on October 19, 2009 in the amount of $10,000, representing the limits of UM benefits under Plaintiff's policy with Allstate.  A final judgment was entered against Owen and Stanton for the amount of the verdict on November 2, 2009.

---

[1] At some point during the State Court Action, Plaintiff amended her complaint to add Richard V. Stanton ("Stanton") as a defendant, who Plaintiff claimed was the "equitable owner and in possession" of the vehicle at the time of the accident.

Allstate appealed the judgment and, on September 22, 2010, Florida's Second District Court of Appeals issued an opinion affirming the judgment. That court issued its mandate on October 8, 2010. On October 29, 2010, Allstate removed the State Court Action to this Court.

## DISCUSSION

**I.     Plaintiff's Motion to Remand**

"Federal courts are courts of limited jurisdiction." *US. v. Rojas,* 429 F.3d 1317, 1320 (11th Cir. 2005). As a result, the removal statutes are strictly construed. *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999). The removing party bears the burden of demonstrating that removal is proper. *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001). And any doubts about jurisdiction should be resolved in favor of remand. *Univ. of S. Ala.,* 168 F.3d at 411.

As a threshold matter, subject matter jurisdiction exists under 28 U.S.C. § 1332. The parties are of diverse citizenship and the amount in controversy exceeds $75,000. Plaintiff's argument that the parties to this action are not diverse because the original style of the case included Owen and Stanton, who defeat diversity, is wholly without merit. It is clear that the bad faith action is solely against Allstate and that the entry of the final judgment in the State Court Action against Owen and Stanton ended Plaintiff's litigation against them.

Thus, the only real issue is whether Allstate satisfied the procedural requirements for removal. The removal statute, 28 U.S.C. § 1446(b), establishes two distinct removal periods. *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744 (11th Cir. 2010). The first applies

where federal jurisdiction can be determined from the initial pleading. *Love v. Prop. & Cas. Ins. Co. of Hartford*, 2010 WL 2836172, at *2 (M.D. Fla. July 16, 2010) (*citing Pretka*). The second applies where the initial pleading fails to disclose sufficient grounds to support federal jurisdiction. *Id.* Both allow a 30-day window for removal. *Id.* The first window opens when the initial pleading is served. *Id.* The second window opens when the first document demonstrating that removal is proper is served. *Id.* In addition to the 30-day window, the statute imposes a one-year limitation on removal of diversity actions. *Id.* But that limitation period applies only to actions that are not initially removable and that are removed under the second window. *Carter v. Frito-Lay, Inc.,* 144 Fed. Appx. 815, 817 (11th Cir. 2005).

In *Lahey v. State Farm Mutual Automobile Insurance Co.*, the court held that a bad faith claim is a cause of action separate and independent of the underlying UM claim. 2007 WL 2029334, at *1 (M.D. Fla. July 11, 2007). Although the Eleventh Circuit has not addressed the issue of whether a party may remove a bad faith claim which has been added to an underlying suit for UM benefits, the Court agrees that the court's conclusion in *Lahey* is well-grounded in Florida law.[2] *See, e.g., Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.,* 945 So. 2d 1216, 1235 (Fla. 2006) ("[A] claim arising from bad faith is grounded upon the legal duty to act in good faith, and is thus separate and independent of the claim

---

[2] And this appears to be the majority opinion within the district courts of the Eleventh Circuit. *See Love*, 2010 WL 2836172, at *3 (listing district court opinions within the Eleventh Circuit holding that a bad faith cause of action is separately removable).

arising from the contractual obligation to perform.") (*quoting Blanchard v. State Farm Mut. Auto. Ins. Co.,* 575 So. 2d 1289, 1291 (Fla. 1991)). Indeed, a bad faith claim does not even accrue until the conclusion of the underlying UM case. *Blanchard,* 575 So. 2d at 1291 ("[A]n insured's claim against an uninsured motorist carrier for failing to settle the claim in good faith does not accrue before the conclusion of the underlying litigation for the contractual uninsured motorist insurance benefits.").

Plaintiff argues that Allstate's removal was untimely because the bad faith claim should have been removed thirty days from the filing of the amended complaint asserting the bad faith claim. The Court disagrees. In *Jenkins v. Allstate Insurance Co.*, the court held that removal of a bad faith claim is premature if it is removed before the entry of a final judgment in the underlying case. 2008 WL 4934030 (M.D. Fla. Nov. 12, 2008). The court agreed with the reasoning in *Lahey* that a bad faith claim is separate and independent from the underlying UM claim, and is therefore removable. *Id.* at *2. However, the court in *Jenkins* granted a motion for remand because the removal of the bad faith claim was premature, in that the bad faith claim was removed within 30 days from the filing of the amended complaint adding the bad faith claim, but prior to the entry of a final judgment in the underlying action. *Id.* at *2-3. The court noted that Florida law is clear that a bad faith claim does not accrue until the conclusion of the underlying claim. *Id.* Thus, in this case, if Allstate had removed the bad faith claim within thirty days from the filing of the amended complaint asserting such a claim, as Plaintiff suggests, the removal would have been premature because a final judgment had not been entered in the underlying case at that time.

Here, Allstate waited to remove the bad faith claim until after the Second District Court of Appeals issued its mandate affirming the final judgment. Allstate then removed within thirty days of the mandate. This was timely because the appellate process must be complete before the cause of action for bad faith insurance practice is ripe. *Leitstein v. QBE Ins. Corp.*, 609 F. Supp. 2d 1311, 1312 (S.D. Fla. 2009) (*citing Romano v. Am. Cas. Co.*, 834 F.2d 968, 969-70 (11th Cir. 1987)); *see also Chalfonte Condo. Apartment Ass'n. v. QBE Ins. Corp.*, 2010 WL 3385982, at *2 (S.D. Fla. Aug. 30, 2010).

For this same reason, Plaintiff's argument that Allstate's participation in the State Court Action waived Allstate's removal right fails because the bad faith claim did not accrue until completion of the appellate process. As this Court has previously held, "[a] party cannot waive a right that it does not yet have." *Cruz v. Lowe's Home Ctrs., Inc.*, 2009 WL 2180489, at *3 (M.D. Fla. July 21, 2009). Accordingly, Plaintiff's motion to remand must be denied.

## II.   Plaintiff's Motion to Amend and Defendant's Motion to Dismiss

As set forth herein, Plaintiff amended her complaint in the State Court Action on or about February 6, 2009 to add a bad faith claim against Allstate. The bad faith claim was then abated until conclusion of the remaining claims. Plaintiff now seeks to amend the bad faith claim in order to include "those necessary allegations which had accrued through affirmance of [the] final judgment." (Dkt. 10). Plaintiff points out that the amendment is necessary to correct certain deficiencies that Allstate points out in its motion to dismiss related to conditions precedent to maintaining a statutory bad faith action pursuant to Fla.

Stat. § 624.155. According to Plaintiff, these conditions accrued while the bad faith claim was abated.

The Court agrees that Plaintiff should be permitted to amend the bad faith claim to contain additional allegations that were not available to Plaintiff when she originally filed the bad faith claim. Accordingly, Plaintiff's motion to amend is granted and Allstate's motion to dismiss is denied as moot.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Remand (Dkt. 13) is hereby DENIED.

2. Plaintiff's Motion to Amend Complaint (Dkt. 10) is hereby GRANTED. Plaintiff shall file the amended complaint within five (5) days from the date of this Order.

3. Defendant Allstate Insurance Company's Motion to Dismiss Plaintiff's Complaint for Bad Faith (Dkt. 7) is hereby DENIED AS MOOT.

**DONE** and **ORDERED** in Tampa, Florida on December 28, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-2434.mtremand13.wpd